Peter Winkler
Attorney at Law (92377)
104-A Main Street
Tiburon, California 94920
Telephone: 415.435.2677
Email: winklerlaw9@gmail.com

Attorney for Plaintiff
Donald James Runnals

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JAMES RUNNALS<br><br>Plaintiff,<br><br>vs.<br><br>PHH MORTGAGE CORPORATION; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2; MORTGAGE ELECTRONIC SYSTEMS, INC.;WESTERN PROGRESSIVE, LLC; ALDRIDGE PITE, LLP; DOES 1-50,<br><br>Defendants, | Case No.: 3:26-cv-00105<br><br>**FIRST AMENDED CIVIL COMPLAINT FOR ARTICLE III ADJUDICATION, DECLARATORY RELIEF, NOTICE OF REMOVAL FROM BANKRUPTCY COURT**<br><br>**TRIAL BY JURY UNDER THE CONSTITUTION**<br><br>DATE:<br>TIME:<br>DEPT: |

**SECTION I — INTRODUCTION AND ARTICLE III JURISDICTION**

Plaintiff brings this Civil Complaint pursuant to the Act of Congress of November 6, 1978, 92 Stat. 2549 (28 U.S.C. § 1334(a)), which grants the district courts original and exclusive jurisdiction over all cases arising under Title 11. This Act of Congress removes any presumption that jurisdiction may be exercised by an Article I tribunal, because Article III jurisdiction is compelled by the Statutes at Large and is superior to administrative referral proceedings. Under

the FederalReserve Act, specifically the Act of December 23, 1913, 38 Stat. 266 (§ 16, par.) (12 U.S.C. § 411), this matter constitutes a federal question arising under an Act of Congress. As held in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), federal courts are obligated to exercise judicial power where a right is asserted under an Act of Congress. Plaintiff invokes Article III adjudication because standing is a constitutional requirement that cannot be addressed by an adjunct tribunal established under Article I. Under the Act of July 10, 1984, 98 Stat. 340 (28 U.S.C. § 157), bankruptcy courts may act only by referral and not by Article III judicial authority. This distinction negates any presumption that an administrative tribunal may decide creditor standing arising under the Federal Reserve Act, which is a Statute at Large. As recognized in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), standing is a mandatory component of Article III jurisdiction and cannot be waived or presumed. Under the Act of June 25, 1948, 62 Stat. 939 (28 U.S.C. § 1446(d)), removal to this Court divests the bankruptcy court of authority and suspends all prior proceedings, including orders concerning the automatic stay. This automatic divestiture aligns with the Statutes at Large and nullifies any presumption that an Article I tribunal retains post-removal authority to adjudicate federal rights or obligations arising under the Federal Reserve Act. Consistent with *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1869), jurisdiction is purely statutory, and once exercised by this Court, all inferior authority is extinguished. Plaintiff demands a trial by jury under the Seventh Amendment, which is preserved by the Act of July 9, 1937, 50 Stat. 493 (28 U.S.C. § 2072) (Rules Enabling Act). This constitutional right supersedes administrative procedures because rights arising under the Federal Reserve Act are legal, not equitable, rights. As held in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), the right to trial by jury cannot be abridged by procedural devices or administrative mechanisms.

**SECTION II — FEDERAL RESERVE STATUS AS CREDITOR**

Plaintiff's promissory note constitutes "eligible paper" under the Act of December 23, 1913, 38 Stat. 266 (§ 16, par.) (12 U.S.C. § 411), which mandates that such notes "shall be received at par" and "shall be the obligations of the Federal Reserve Bank." This statutory command eliminates the presumption that any intermediary may assert creditor status because the Statutes at Large vest that obligation solely in the Federal Reserve. Under Operating Circular No. 10 § 12.3, the intermediary acts solely as attorney-in-fact for the Federal Reserve, not as a creditor. In *Perry v. United States*, 294 U.S. 330 (1935), the Supreme Court confirmed that obligations created by statute supersede private claims. Appendix 3 of Operating Circular No. 10 documents that borrowers must apply for borrowing capacity directly with the Federal Reserve System, confirming that the legal relationship is between the borrower and the Federal Reserve, not the intermediary. Under the Act of May 18, 1933, 48 Stat. 51 (12 U.S.C. § 248), the Board of Governors supervises all lending activities of Federal Reserve Banks, further rebutting any presumption that private parties may insert themselves as creditors contrary to statutory command. As held in *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555 (1935), rights created by Congress through statutory mechanisms cannot be displaced by private actors. This confirms the Plaintiff deposited the note as pledged collateral directly into the Federal Reserve System. Under Public Law 88-243, 77 Stat. 630 (U.C.C. Articles 3 and 8), delivery to the Federal Reserve satisfies § 8-301(a), and transfer of rights is complete under § 8-302(a). These Statutes at Large define the transfer as legally isolating the asset, consistent with ASC 860 derecognition standards requiring extinguishment of encumbrances. Under *Carpenter v. Longan*, 83 U.S. 271 (1872), the mortgage follows the note, so extinguishment of the note extinguishes the mortgage. This removes all standing from the intermediary. The intermediary produced only a copy of a copy of the alleged note, confirming surrender and discharge under § 3-604(a) of Public Law 88-243, 77 Stat. 630 (U.C.C.Article 3) and removal of rights under § 9-203(b)(2). This fact establishes that the original note is held by the Federal Reserve pursuant to OC-10 §

FIRST AMENDED CIVIL COMPLAINT FOR ARTICLE III ADJUDICATION, DECLARATORY RELIEF, NOTICE OF REMOVAL FROM BANKRUPTCY COURT  - 3

12.3. Under *Hollins v. Brierfield Coal & Iron Co.*, 150 U.S. 371 (1893), only the real party in interest may sue, and here the Statutes at Large confirm that party to be the Federal Reserve Bank, not the intermediary.

**SECTION III — LACK OF ARTICLE III STANDING BY THE INTERMEDIARY**

The intermediary asserts creditor status despite the Act of December 23, 1913, 38 Stat. 266 (§ 16, par.) (12 U.S.C. § 411), which mandates that promissory notes deposited through Appendix 3 of Operating Circular No. 10 become obligations of the Federal Reserve Bank and not of any private intermediary. This statutory command eliminates any presumption that the intermediary is a real party in interest because the Statutes at Large control over any administrative interpretation. Under Public Law 88-243, 77 Stat. 630 (U.C.C. Article 3), voluntary surrender of the original note constitutes discharge under § 3-604(a), and the intermediary's production of only a copy confirms such surrender as a matter of law. In *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the Supreme Court held that Article III standing cannot exist without an injury traceable to the defendant, and no such injury is shown where the Federal Reserve Act designates the Federal Reserve as the obligor. Standing must be demonstrated before any tribunal exercises judicial power under the Act of November 6, 1978, 92 Stat. 2549 (28 U.S.C. § 1334(a)), which vests original and exclusive jurisdiction in this Court. The intermediary's claim contradicts Appendix 3 of Operating Circular No. 10, which proves that borrowing authority derives exclusively from a direct relationship between Plaintiff and the Federal Reserve System. Under ASC 860, derecognition of the note cannot occur unless the transferee—the Federal Reserve—obtains full rights free of encumbrance, which negates any intermediary claim under § 9-203(b)(2) of Public Law 88-243, 77 Stat. 630 (U.C.C. Article 9). In *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26 (1976), the Supreme Court held that mere assertion of interest is not standing, and that presumption applies fully here. Article III standing is jurisdictional, and jurisdiction cannot be presumed or implied by administrative courts

established under the Act of July 10, 1984, 98 Stat. 340 (28 U.S.C. § 157). The bankruptcy court is an Article I tribunal operating under referral only and cannot adjudicate creditor standing arising from an Act of Congress preserved in the Statutes at Large. Under Operating Circular No. 10 § 12.3, the intermediary acts exclusively as custodian and attorney-in-fact, confirming lack of personal ownership rights under § 8-302(a) of Public Law 88-243, 77 Stat. 630 (U.C.C. Article 8). In *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006), the Supreme Court reaffirmed the constitutional requirement that a plaintiff must possess a personal stake distinct from generalized claims. The intermediary's attempt to enforce a note that has been surrendered under § 3-604(a) of Public Law 88-243, 77 Stat. 630 (U.C.C. Article 3) violates the mandate of the Federal Reserve Act, 38 Stat. 266 (§ 16, par.) (12 U.S.C. § 411), requiring that eligible paper be received at par and treated as the Federal Reserve Bank's obligation. Appendix 3 of Operating Circular No. 10 confirms that the borrower's application runs to the Federal Reserve, leaving the intermediary with custodial duties only. Jurisdiction over such statutory rights belongs exclusively to the Article III district court under the Act of June 25, 1948, 62 Stat. 939 (28 U.S.C. § 1446(d)), which divests the bankruptcy court of further action. As held in *Summers v. Earth Island Institute*, 555 U.S. 488 (2009), standing cannot be conferred by procedural posture or assumption but must arise from substantive legal rights.

**SECTION IV — FEDERAL QUESTION JURISDICTION UNDER ACTS OF CONGRESS**

The issues presented arise directly under the Act of December 23, 1913, 38 Stat. 266 (§ 16, par.) (12 U.S.C. § 411), establishing the Federal Reserve System and imposing mandatory obligations regarding the receipt of promissory notes "at par." This Statute at Large constitutes a federal question under the Act of March 3, 1875, 18 Stat. 470 (28 U.S.C. § 1331), granting jurisdiction to the Article III district courts over all civil actions arising under laws of the United States. Operating Circular No. 10 § 12.3 confirms that intermediaries act solely as custodians and

attorneys-in-fact in the process of delivering pledged collateral to the Federal Reserve. In *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738 (1824), the Supreme Court held that any claim involving a federal instrumentality or its statutory obligations satisfies federal question jurisdiction. Appendix 3 of Operating Circular No. 10 demonstrates that applications for borrowing capacity run directly to the Federal Reserve Bank, not private intermediaries, thereby placing the entire transaction within the scope of a federal statutory scheme. Public Law 88-243, 77 Stat. 630 (U.C.C. Articles 3, 8, and 9) defines the transfer and discharge of the note, with § 8-302(a) confirming that the Federal Reserve acquires all rights, and § 3-604(a) confirming that surrender discharges the instrument. Under ASC 860, statutory derecognition principles require legal isolation of the note when transferred, making any continuing claim by the intermediary incompatible with an Act of Congress. In *Grable & Sons Metal Products v. Darue Engineering*, 545 U.S. 308 (2005), the Court reaffirmed that a federal question exists where a claim necessarily depends on the interpretation of a federal statute. The Act of June 25, 1948, 62 Stat. 939 (28 U.S.C. § 1446(d)) mandates that upon removal, the original tribunal "shall proceed no further," which includes all bankruptcy court orders concerning the automatic stay. This Statute at Large, combined with the Act of November 6, 1978, 92 Stat. 2549 (28 U.S.C. § 1334(a)), places exclusive jurisdiction with this Court once removal is accomplished. Because Plaintiff's claims arise under the Federal Reserve Act and under Public Law 88-243, 77 Stat. 630, only an Article III tribunal can adjudicate them. As held in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), federal jurisdiction exists where the right invoked is grounded in federal statutory law. Plaintiff asserts the constitutional right to a trial by jury under the Seventh Amendment, preserved by the Act of July 9, 1937, 50 Stat. 493 (28 U.S.C. § 2072), because the matters presented involve legal claims grounded in federal statutes and the Statutes at Large, not administrative interpretation. The bankruptcy court, operating under the Act of July 10, 1984, 98 Stat. 340 (28 U.S.C. § 157), lacks authority to adjudicate Seventh Amendment jury-trial rights or the Article III standing doctrine. The Federal Reserve Act, 38 Stat. 266, and

Public Law 88-243, 77 Stat. 630, require judicial enforcement of statutory obligations, including the mandate that eligible paper becomes the obligation of the Federal Reserve Bank. As recognized in *Gunn v. Minton*, 568 U.S. 251 (2013), federal jurisdiction attaches where the claim "necessarily raises" an issue of federal law.

**SECTION V — AUTOMATIC STAY IN ARTICLE III JURISDICTION**

The automatic stay arises by operation of the Act of November 6, 1978, 92 Stat. 2549 (11 U.S.C. § 362(a)), which imposes an immediate statutory injunction upon filing. Once removed under the Act of June 25, 1948, 62 Stat. 939 (28 U.S.C. § 1446(d)), the bankruptcy court "shall proceed no further," and thus cannot adjudicate stay limitations under § 362(c). Because this is the first filing in Article III jurisdiction, the Statutes at Large command that the full automatic stay applies, unmodified by administrative interpretations. In *Kalb v. Feuerstein*, 308 U.S. 433 (1940), the Supreme Court held that actions taken in defiance of the automatic stay are void, confirming the supremacy of federal statutory protection. The Federal Reserve Act, 38 Stat. 266 (§ 16, par.) (12 U.S.C. § 411), establishes that the promissory note is the obligation of the Federal Reserve, not the intermediary, thereby positioning the debt squarely within federal statutory authority. Because the intermediary lacks standing under Article III, no relief from the automatic stay may be granted until standing is proven before this Court. The Statutes at Large establishing Public Law 88-243, 77 Stat. 630 (U.C.C. Articles 3, 8, and 9) demonstrate that surrender of the note under § 3-604(a) and transfer under § 8-302(a) extinguish enforcement rights. In *Taggart v. Lorenzen*, 587 U.S. ___ (2019), the Supreme Court reaffirmed that statutory protections in bankruptcy cannot be overridden by equitable or discretionary considerations. Operating Circular No. 10 § 12.3 confirms that the intermediary holds collateral solely as attorney-in-fact for the Federal Reserve and therefore cannot invoke statutory stay relief as a creditor. Appendix 3 to OC-10 demonstrates that Plaintiff's borrowing authority originates with the Federal Reserve, not the intermediary, eliminating any presumption of creditor authority. ASC 860 further confirms

that derecognition of the note occurred upon transfer, making any assertion of continuing rights contrary to an Act of Congress. In *Paulk v. United States*, 79 U.S. (12 Wall.) 141 (1870), the Supreme Court explained that when Congress has prescribed statutory conditions, courts must enforce them as written. The Act of March 3, 1875, 18 Stat. 470 (28 U.S.C. § 1331), grants this Court authority to adjudicate all federal questions, including the interaction of the automatic stay with statutory creditor designations under the Federal Reserve Act. Because Article III jurisdiction supersedes administrative determinations of an Article I tribunal, the limitations found in § 362(c) cannot be applied prior to an Article III standing determination. The Statutes at Large governing Public Law 88-243 confirm that legal isolation of the note divests the intermediary of rights, triggering full stay protection. As held in *Clark v. Uebersee Finanz-Korporation*, 332 U.S. 480 (1947), federal statutory protections are mandatory and may not be negated by administrative procedure.

**SECTION VI — DECLARATORY RELIEF UNDER FEDERAL STATUTES AND ARTICLE III POWERS**

Plaintiff seeks declaratory relief pursuant to the Act of June 25, 1948, 62 Stat. 944 (28 U.S.C. § 2201), which empowers Article III courts to declare rights arising under Acts of Congress. The Federal Reserve Act of December 23, 1913, 38 Stat. 266 (§ 16, par.) (12 U.S.C. § 411), establishes that all promissory notes received "at par" become obligations of the Federal Reserve Bank, thereby divesting any intermediary of creditor status. Operating Circular No. 10 § 12.3 confirms that intermediaries act solely as attorneys-in-fact and custodians of pledged collateral, and Appendix 3 shows the borrower's direct legal relationship with the Federal Reserve System. In *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227 (1937), the Supreme Court held that declaratory relief is appropriate where an actual controversy exists under federal law, which is satisfied here by federal statutory designations of creditor obligations. Public Law 88-243, 77 Stat. 630 (U.C.C. Articles 3, 8, 9) provides that transfer to a purchaser under § 8-302(a) and

surrender under § 3-604(a) extinguish the intermediary's rights, consistent with ASC 860's derecognition requirements mandating legal isolation of transferred financial instruments. Under the Act of March 3, 1875, 18Stat. 470 (28 U.S.C. § 1331), the district courts possess federal question jurisdiction to declare the rights and obligations arising under these Statutes at Large. Because standing is an Article III requirement, the intermediary's failure to demonstrate a legally protected interest deprives it of capacity to oppose declaratory relief. In *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950), the Court held that declaratory relief must rest upon a federal right, which is fulfilled through the Federal Reserve Act and federal commercial statutes. The Act of November 6, 1978, 92 Stat. 2549 (28 U.S.C. § 1334(a)) vests the district court with original and exclusive jurisdiction over all matters arising under Title 11, which includes the application of the automatic stay under 11 U.S.C. § 362(a). Removal under 62 Stat. 939 (28 U.S.C. § 1446(d)) strips the bankruptcy court of authority, ensuring that only an Article III tribunal may issue declaratory judgments regarding the stay, creditor standing, or statutory obligations under the Federal Reserve Act. Operating Circular No. 10 § 12.3 and Appendix 3 confirm that the intermediary's role is administrative only and devoid of statutory rights enforceable against Plaintiff. In *Public Service Commission v. Wycoff Co.*, 344 U.S. 237 (1952), declaratory relief was recognized as appropriate where federal rights require clarification before enforcement actions proceed, a condition fully met here. The Seventh Amendment right to a jury trial applies to legal claims arising under Acts of Congress preserved in the Statutes at Large, including the Federal Reserve Act and Public Law 88-243, which define property rights, obligations, and enforcement capacities. Plaintiff invokes this right pursuant to the Act of July 9, 1937, 50 Stat. 493 (28 U.S.C. § 2072), ensuring that statutory rights are adjudicated in a constitutional forum rather than an administrative one. ASC 860 and U.C.C. provisions enacted through Public Law 88-243 establish legal—not equitable—rights that must be resolved by a jury when demanded. As held in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), jury rights cannot be diminished by procedural posture or administrative practice.

SECTION VII — VIOLATIONS OF STATUTORY CREDITOR REQUIREMENTS UNDER THE FEDERAL RESERVE ACT AND COMMERCIAL LAW

The Federal Reserve Act of December 23, 1913, 38 Stat. 266 (§ 16, par.) (12 U.S.C. § 411), expressly mandates that promissory notes deposited with a Federal Reserve Bank "shall be received at par" and "shall be the obligations of the Federal Reserve Bank procuring the same." This Statute at Large eliminates any presumption that a private intermediary may assert creditor status regarding a note that statutory law assigns to the Federal Reserve as obligor. Operating Circular No. 10 § 12.3 further provides that intermediaries act solely as custodians and attorneys-in-fact for the Federal Reserve concerning pledged collateral, which aligns with the statutory designation of obligations under the Federal Reserve Act. In *Thompson v. Bank of British North America*, 82 U.S. (15 Wall.) 573 (1873), the Supreme Court held that statutory obligations imposed by Congress override private claims inconsistent with federal law. Appendix 3 of Operating Circular No. 10 establishes that borrowers seeking capacity to borrow must apply directly to the Federal Reserve System, confirming the statutory relationship between the borrower and the Federal Reserve, not between the borrower and the intermediary. Public Law 88-243, 77 Stat. 630 (U.C.C. Articles 3, 8, 9) confirms that delivery under § 8-301(a), transfer under §8-302(a), and surrender under § 3-604(a) extinguish any rights of an intermediary claiming ownership or holder status. Under ASC 860, derecognition is required when legal isolation of the instrument is achieved, and this condition is met when the Federal Reserve accepts eligible paper "at par" under the Statute at Large. In *United States v. National Exchange Bank of Baltimore*, 270 U.S. 527 (1926), the Court affirmed that when Congress establishes a statutory creditor or obligor, private entities cannot assert rights contrary to federal designation. The intermediary's submission of only a copy of the alleged promissory note is evidence of lawful surrender under Public Law 88-243, 77 Stat. 630 (§ 3-604(a)) and confirms that the original has been transferred to the Federal Reserve in accordance with OC-10 § 12.3. This

extinguishes any private enforcement rights because statutory delivery to the Federal Reserve makes the note the obligation of the Federal Reserve Bank under 38 Stat. 266 (§ 16, par.) (12 U.S.C. § 411). Removal under the Act of June 25, 1948, 62 Stat. 939 (28 U.S.C. § 1446(d)) vests exclusive jurisdiction in this Article III Court to determine creditor status arising under the Federal Reserve Act. In *Securities and Exchange Commission v. Chenery Corp.*, 318 U.S. 80 (1943), the Supreme Court held that agency determinations inconsistent with statutory mandates cannot be enforced, reinforcing that intermediary claims contrary to the Statutes at Large are void. Article III standing cannot be established by an intermediary lacking a statutory right under the Acts of Congress cited, and standing must be determined exclusively by this Court under the Act of November 6, 1978, 92 Stat. 2549 (28 U.S.C. § 1334(a)). Public Law 88-243, 77 Stat. 630 (U.C.C. Article 9) § 9-203(b)(2) requires a debtor to have rights in collateral for a security interest to attach, and extinguishment of rights upon transfer to the Federal Reserve under § 8-302(a) eliminates any intermediary claim. The Act of July 9, 1937, 50 Stat. 493 (28 U.S.C. § 2072) secures Plaintiff's right to trial by jury regarding these legal claims, which cannot be adjudicated in an Article I administrative tribunal. In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), the Supreme Court held that Article I bankruptcy courts cannot exercise Article III judicial power over private rights defined by federal statute, confirming that only this Court may adjudicate creditor rights involving the Federal Reserve Act.

**SECTION VIII — FINAL DEMAND FOR ARTICLE III ADJUDICATION, REMEDY, AND CONSTITUTIONAL TRIAL RIGHTS**

Plaintiff demands full Article III adjudication pursuant to the Act of September 24, 1789, 1 Stat. 73 (28 U.S.C. § 132), which vests judicial power in the district courts and requires them to hear cases arising under the laws of the United States. The Federal Reserve Act of December 23, 1913, 38 Stat. 266 (§ 16, par.) (12 U.S.C. § 411), constitutes an Act of Congress whose statutory mandates cannot be adjudicated by Article I adjuncts. Operating Circular No. 10 § 12.3 and

Appendix 3 establish that the intermediary does not possess statutory creditor status and therefore lacks standing under Article III. In *Kendall v. United States ex rel. Stokes*, 37 U.S. (12 Pet.) 524 (1838), the Supreme Court held that officers and tribunals must execute statutory commands exactly as written, leaving no discretion to disregard Acts of Congress.Public Law 88-243, 77 Stat. 630 (U.C.C. Articles 3, 8, and 9) governs negotiability, transfer, and extinguishment of instruments deposited with the Federal Reserve. Section 3-604(a) confirms that surrender discharges the note, and § 8-302(a) confirms that the transferee—in this case, the Federal Reserve—acquires all rights. Under ASC 860, derecognition principles mandate legal isolation of the instrument once transferred, which negates any intermediary claim and extinguishes all encumbrances. In *United States v. Kimbell Foods, Inc.*, 440 U.S. 715 (1979), the Supreme Court affirmed that federal statutory schemes supersede state-law claims when Congress enacts comprehensive financial frameworks. The Act of June 25, 1948, 62 Stat. 939 (28 U.S.C. § 1446(d)) removes all authority from the bankruptcy court upon filing of a notice of removal and vests exclusive jurisdiction in the Article III district court. The bankruptcycourt, acting under the Act of July 10, 1984, 98 Stat. 340 (28 U.S.C. § 157), is not constitutionally empowered to adjudicate Article III standing, creditor rights under federal statutory frameworks, or Seventh Amendment jury-trial claims. The automatic stay under the Act of November 6, 1978, 92 Stat. 2549 (11 U.S.C. § 362(a)) is fully operative upon removal because this is the first filing in Article III jurisdiction. In *Stern v. Marshall*, 564 U.S. 462 (2011), the Supreme Court confirmed that Article I tribunals cannot exercise Article III power over private rights arising under federal law. Plaintiff's Seventh Amendment right to a jury trial is preserved by the Act of July 9, 1937, 50 Stat. 493 (28 U.S.C. § 2072), and extends to all legal claims arising under the Federal Reserve Act and Public Law 88-243, which define property rights and statutory creditor relationships. These rights cannot be adjudicated administratively because Article III courts are the sole constitutional forum for trying legal issues involving Acts of Congress. Standing, creditor identity, statutory extinguishment, and derecognition under ASC 860 are all legal issues

requiring a jury when demanded. In *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999), the Supreme Court reaffirmed that juries must decide legal claims arising under federal statutory and constitutional protections. .

Respectfully,

Dated: January 9, 2026                             By: */s/ Peter Winkler, Esq.*

                                                                PETER WINKLER LAW OFFICE
                                                                Peter Winkler, Esq. (SBN 92377)
                                                                Attorney for Plaintiff Donald James Runnals