1  Jillian A. Kaiser (SBN 246822)
   JKaiser@aldridgepite.com
2  **ALDRIDGE PITE, LLP**
   3333 Camino del Rio South, Ste. 225
3  San Diego, CA 92108
   Telephone: (858) 750-7600
4  Facsimile:  (619) 590-1385

5  Attorneys for *Defendant*
   Aldridge Pite, LLP
6

7
                    UNITED STATES BANKRUPTCY COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9

10 | In re                          | Case No. 3:26-cv-00105-JD
11 | DONALD JAMES RUNNALS,          |
12 |     Debtor.                    |
13 |                                | **DEFENDANT ALDRIDGE PITE, LLP'S NOTICE OF JOINDER IN DEFENDANTS' PHH MORTGAGE CORPORATION, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND WESTERN PROGRESSIVE, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**
14 | DONALD JAMES RUNNALS,          |
15 |     Plaintiff,                 |
16 |     vs.                        |
17 | PHH MORTGAGE CORPORATION; WESTERN PROGRESSIVE LLC; MORTGAGE ELECTRONIC SYSTEMS, INC.; U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR LEHMAN MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2; ALDRIDGE PITE, LLP; THE INTERNAL REVENUE SERVICE MICHAEL JOHN RUSH, THE OFFICE OF THE UNITED STATES TRUSTEE;  , |
18 |                                |
19 |                                |
20 |                                | Date: March 12, 2026
21 |                                | Time: 11:00 a.m.
22 |                                | **Crtrm.: 11, 19th Floor**
23 |     Defendant.                 |

24

25     TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

26 **RECORD, IF ANY**:

27     **PLEASE TAKE NOTICE** that *Defendant* Aldridge Pite, LLP ("Aldridge Pite") hereby

28 moves to join *Defendants* PHH Mortgage Corporation, U.S. Bank National Association, as Trustee,

- 1 -                                                         CASE NO. 3:26-cv-00105-JD
**MOTION TO DISMISS COMPLAINT**

Mortgage Electronic Registration Systems, Inc., and Western Progressive, LLC (collectively, "Lender Defendants") Motion to Dismiss Plaintiff Donald James Runnals' ("Plaintiff") First Amended Complaint.

This motion is based upon the records and pleadings in the instant action and on the attached memorandum of points and authorities. Specifically, Aldridge Pite joins in Lender Defendants' Motion to Dismiss the First Amended Complaint for the reasons set forth therein, including, without limitation, the following: (1) The First Amended Complaint fails to satisfy Rule 8(a) because the First Amended Complaint fails allege any facts in support of any claim; (2) Plaintiff's jurisdictional arguments are meritless and irrelevant; (3) Removal jurisdiction is irrelevant because no case was removed; (4) Neither Federal Reserve notes nor collateral for Federal Reserve Loans is at issue in the First Amended Complaint; (5) Article III standing is not at issue; and (6) The automatic stay in bankruptcy no longer applies. Additionally, Aldridge Pite alleges Plaintiff's First Amended Complaint is uncertain as to Aldridge Pite and the actions taken by Aldridge Pite in Plaintiff's Chapter 11 case and adversary proceeding were privileged.

PLEASE TAKE FURTHER NOTICE that HSBC hereby adopts and incorporates by reference as though set forth in full herein, the Motion to Dismiss and Request for Judicial Notice filed by Lender Defendants on or about January 23, 2026 and requests that the Court grant the Motion without leave to amend.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: January 30, 2026

/s/ *Jillian A. Kaiser*
JILLIAN A. KAISER
Attorneys for *Defendant*
Aldridge Pite, LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENT

### A. AUTHORITY FOR JOINDER

California District Courts have noted that "[a]llowing one party to join another party's motion is a matter well within the district court's substantial case management discretion." *City of Torrance v. Hi-Shear Corp.*, 2024 WL 4738206, at *3 (C.D. Cal., 2024). Courts allow joinder "when either (1) the parties are so similarly situated that filing an independent motion would be redundant, or (2) the party seeking joinder specifically points out: which parts of the motion apply to the joining party, the joining party's basis for standing, and the factual similarities between the joining party and moving party that give rise to a similar claim or defense." *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151 (C.D. Cal. 2016).

### B. PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO SATISFY THE PLEADING REQUIREMENTS OF RULE 8 AS TO ALDRIDGE PITE

Federal Rules of Civil Procedure Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 557). It is not enough simply to allege that a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Twombly*, 550 US 544, 555.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475,1481 (9th Cir.1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.1984). A plaintiff must

allege with at least some degree of particularity **overt facts which defendant engaged in** to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft,* 556 U.S. at 678. The U.S. Supreme Court has explained:

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3.

In addition to providing "fair notice" of the claim, a pleading's factual allegations must show "that the pleader is ***entitled to relief***" Fed. Rule Civ. Proc., Rule 8(a)(2) (Emphasis added). To do so, the pleading must allege "***enough facts*** to state a claim to relief that is ***plausible on its face***." *Twombly*, 550 US 544, 570. (Emphasis added.) This rule requires that a party "demonstrate the plausibility, as opposed to conceivability, of its causes of action in the complaint." See, *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C*., 692 F3d 283, 303 (3rd Cir. 2012). When evaluating a complaint, the Court must ask whether the pleading gives the defendant fair notice of the claim and includes sufficient 'factual matter' to state a plausible ground for relief." *Kirkpatrick v. County of Washoe*, 792 F3d 1184, 1191 (9th Cir. 2015). The court may sua sponte dismiss a complaint pursuant to Rule 8(a) and/or demand that a party replead its pleadings to conform to the requirements of Rule 8. See, *Visconti v. Visconti*, 2016 U.S. Dist. LEXIS 152194, *1-2 (C.D. Cal., 2016) (citing, *Hearns v. San Bernardino Police Dep't,* 530 F.3d 1124, 1129 (9th Cir. 2008) ("[Rule] 41(b) authorizes a district court to dismiss a complaint…for failure to comply with Rule 8(a).")

Here, Plaintiff's First Amended Complaint is uncertain as to Aldridge Pite. As detailed by Lender Defendants, the First Amended Complaint alleges no facts as to any defendant, only frivolous legal arguments. Furthermore, to the extent Plaintiff seeks some amorphous relief as to his defaulted mortgage, Aldridge Pite can offer no assistance. Aldridge Pite is a law firm. Aldridge Pite was retained to file a Request for Special Notice on behalf of PHH Mortgage Corporation in Plaintiff's most recent Chapter 11 bankruptcy case. (See *Request for Judicial Notice* ("RJN", Ex. B.) Aldridge

Pite is neither a creditor nor mortgage lender/beneficiary nor mortgage servicer. Aldridge Pite's only involvement with Plaintiff was filing the Request for Special Notice in the Chapter 11 case. As such, Plaintiff fails to establish how Aldridge Pite's actions or inactions could give rise to any claim regarding Plaintiff's mortgage loan and/or real property or how Aldridge Pite can provide a remedy for Plaintiff's alleged claims as Aldridge Pite has no interest in Debtor's mortgage loan and/or real property

Based on the foregoing, Aldridge Pite is prejudiced by having to speculate as to what it is being called upon to answer and defend against in this action. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the cross-defendant fair notice of the Plaintiff' claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. Rules Civ. Proc., Rule 8(a)(2). Plaintiff's failure to do so renders his First Amended Complaint defective. For this reason alone, Plaintiff's First Amended Complaint should be dismissed, if not stricken.

**C.     ALDRIDGE PITE'S ACTIONS ARE PRIVILEGED**

Prior to the entry of the order barring refiling in Plaintiff's fourth bankruptcy case, on or about July 30, 2025, Plaintiff filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of California and was assigned case number 25-41356. (RJN, Ex. A.) On or about August 6, 2025, Aldridge Pite on behalf of PHH Mortgage Corporation filed a request for special notice. (RJN, Ex. B.) Thereafter, on or about August 13, 2025, Plaintiff filed an adversary action including Aldridge Pite as a defendant. (RJN, Ex. C, D.) On or about November 4, 2025, Plaintiff's adversary complaint was dismissed as to Aldridge Pite with prejudice. (RJN, Ex. E.)

California has codified the "litigation privilege" at Civil Code section 47, subdivision (b), providing that "a 'publication or broadcast' made as part of a 'judicial proceeding' is privileged. See *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1251 (2007). This privilege is absolute in nature, applying "to all publications, irrespective of their maliciousness." (Id. at 1241.)  The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4)

that have some connection or logical relation to the action. (Id.) The communication for which privilege is sought must have a logical relation to the judicial proceeding. *Sacramento Brewing Co. v. Desmond,* 75 Cal.App.4th 1082, 1089 (1999). However, "the privilege should be denied only where it is so palpably irrelevant to the subject matter of the action that no reasonable person can doubt its irrelevancy." *Id*. citing *Lewis v. Linn,* 209 Cal.App.2d 394, 399 (1962). "The principal purpose of the privilege is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Action Apartment*, 41 Cal.4th at 1251.

The California Supreme Court in *Action Apartment* noted that while the privilege originally served to limit an individual's potential liability for defamation, it has since been extended to apply to other torts. *Id*. at pp. 1241-1242. Indeed, the litigation privilege has since been held "to immunize defendants from tort liability based on theories of abuse of process, intentional infliction of emotional distress. intentional inducement of breach of contract, intentional interference with prospective economic advantage, negligent misrepresentation, invasion of privacy [citation], negligence, and fraud *Id.*, citations omitted. The privilege has also been held to apply to suits to enjoin tortious conduct and to suits alleging interference with contract and related claims, including claims of unfair competition statute. See *Rubin v. Green*, 4 Cal.4th 1187, 1201-1203 (2003) (plaintiff may not "plead around" privilege barrier by relabeling the nature of the action).

The actions undertaken by Aldridge Pite i.e. filing a request for special notice are privileged. The judicial proceedings were Plaintiff's Chapter 11 bankruptcy case and adversary case. As such, all actions taken by Aldridge Pite are covered under the litigation privilege. As a result, the instant Motion to Dismiss should be granted, without leave to amend. The Court may take judicial notice that Aldridge Pite, LLP, is a law firm that was brought into the instant adversary case as a result of filing the request for special notice. Accordingly, there simply are no grounds for a suit against Aldridge Pite.

## II.   CONCLUSION

For the foregoing reasons, the Aldridge Pite requests joinder in Lender Defendants' pending Motion to Dismiss or Motion to Strike the First Amended Complaint and respectfully requests that

1 | the Court grant the Motion to Dismiss in its entirety or, alternatively the Motion to Strike, and
2 | without leave to amend.
3 | Dated: January 29, 2026                    ALDRIDGE PITE, LLP

*/s/ Jillian A. Kaiser*
JILLIAN A. KAISER
Attorneys for *Defendant*
Aldridge Pite, LLP

# PROOF OF SERVICE
Case No. 3:26-cv-00105-JD

I, the undersigned, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 3333 Camino del Rio South, Ste. 225, San Diego, California 92108

On January 30, 2026, I served the following document described as:

**DEFENDANT ALDRIDGE PITE, LLP'S NOTICE OF JOINDER IN DEFENDANTS' PHH MORTGAGE CORPORATION, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND WESTERN PROGRESSIVE, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in this action as follows:

Peter Winkler
Peter Winkler Law Office
104 Main St Apt A
Belvedere Tiburon, CA 94920

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of January, 2026, at San Diego, California.

/s/ *Meliza Hernandez*
MELIZA HERNANDEZ