UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD JAMES RUNNALS,

Plaintiff,

v.

PHH MORTGAGE CORPORATION, et al.,

Defendants.

Case No. 26-cv-00105-JD

**THIRD ORDER RE TRO APPLICATION, AND ORDER RE SEALING VIOLATION**

Plaintiff Donald Runnals, through his lawyer, Peter Winkler, has filed multiple, duplicative applications for an "emergency" temporary restraining order to bar a foreclosure sale of his residence by defendants. The first two applications were denied because Runnals fell "well short" of demonstrating that the relief of a restraining order was warranted. Dkt. No. 24; *see also* Dkt. No. 26. Among other shortcomings, Runnals utterly failed to demonstrate any likelihood of success on the merits of his ostensible claims. Dkt. Nos. 24, 26.

A third application, which Runnals styled as a "Master Petition For: Enforcement Of Automatic Stay; Temporary Restraining Order; Declaration Of Void Acts; Article III Jurisdiction Determination; Seventh Amendment Jury Right; Constitutional In Rem Protection; Withdrawal Or Striking Of Referral; And Sanctions Under 11 U.S.C. § 362(k)," Dkt. No. 38, is also denied. The reason for denial is the same. Runnals has not even remotely demonstrated that he is likely to prevail on a claim that might call the foreclosure sale into question, or provide some other ground for equitable relief.

Much of this is attributable to the fact that Runnals claims are incomprehensible. Runnals' complaint, Dkt. No. 1, and "second amended complaint," Dkt. No. 11, are a little more than a

United States District Court
Northern District of California

United States District Court
Northern District of California

string of non-sequitur sentences and citations that do not add up to anything coherent.[1]  For example, Runnals alleges in the initial complaint that "[b]ecause this is the first filing in Article III jurisdiction, the Statutes at Large command thatthe [sic] full automatic stay applies, unmodified by administrative interpretations."  Dkt. No. 1 at 7.  Runnals alleges in the amended complaint that the federal "bankruptcy courts qualify as 'state courts' under Congress's definition.  Structural inferiority, not geographic origin, determines this classification, rebutting any presumption that federal creation exempts bankruptcy courts from removal as inferior tribunals."  Dkt. No. 11 at 5-6.[2]  Both complaints go on for many pages in the same unintelligible manner, bereft of any facts or evidence that might give rise to a plausible claim.

To the scant extent that sense can be made of Runnals' allegations, they suffer from self-contradiction.  Runnals says that the bankruptcy courts are "unconstitutional, violative of Article III of the Constitution, and destructive of constitutionally secured rights that Congress has no authority to abrogate or impair."  Dkt. No. 11 at 1.  But he has readily availed himself of the protections available in bankruptcy court with the aim of averting foreclosure, *see, e.g.,* Dkt. No. 19, Exh. A (chapter 11 voluntary petition in bankruptcy court)[3], and says in in the "master petition" that he requests a TRO to "enforce" an automatic stay triggered when he filed a petition in the bankruptcy court on January 7, 2026.  Dkt. No. 38 at 1-2.

It bears mention that Runnals' petition was dismissed by the bankruptcy court a few months after he filed it.  *See* Dkt. No. 19, Exh. B.  In the order of dismissal, the bankruptcy judge stated that Runnals had filed five bankruptcy petitions over a three-year stretch.  *Id*. at 1.  The judge was concerned that Runnals had filed the latest petition "to prosecute, with the shield of an

---

[1]  Defendants have asked to dismiss the amended complaint on this ground, among others.  *See* Dkt. No. 20.

[2]  This unsound proposition appears to be the reason why Runnals described the original complaint as removed from the Bankruptcy Court under 28 U.S.C. § 1446, which of course applies by its plain language to removal of a civil action "from a State court."  28 U.S.C. § 1446(a).

[3]  The bankruptcy court docket for Runnals' petition was filed by defendants with a request for judicial notice, which is granted.  Dkt. No. 19.  The same goes for the other bankruptcy court records discussed here.  *See Friends of Gualala River v. Gualala Redwood Timber, LLC,* No. 20-CV-06453-JD, 2021 WL 4053413, at *1 (N.D. Cal. Aug. 3, 2021), aff'd, No. 22-16924, 2024 WL 4345302 (9th Cir. Sept. 30, 2024).

automatic stay to which he is not entitled, an unintelligible claim against his secured creditors and their agents." *Id*. at 2.  The judge "engaged in an extensive discussion" with attorney Winkler about Runnals' claim that "the transfer of a Deed of Trust to a lender upon Debtor receiving a loan was a fraudulent transfer," and concluded that "Mr. Winkler provided no sensible answer." *Id.*

With respect to the current state of affairs, there is no evidence in the record that Runnals is presently before the bankruptcy court or that his assets are subject to a bankruptcy stay.  Runnals says that he filed a new bankruptcy petition in January 2026, but he did not present any evidence of that.  Consequently, there is no automatic stay to enforce, as Runnals requests.  If there were a petition pending in the bankruptcy court, enforcement of the automatic stay would properly be sought there.

Overall, Runnals has again failed to establish any basis whatsoever for a TRO.  His further filings for a TRO or stay, Dkt. Nos. 39, 40, and 41, are denied for the same reasons as the "master petition."  No further TRO or stay applications will be accepted without prior authorization of the Court.

The Court directed Runnals not to file documents under seal on the ECF docket without prior authorization.  Dkt. No. 26.  Runnals violated this order by filing Dkt. Nos. 39 and 41 under seal.  He is directed to file unsealed versions by February 17, 2026.  Any entry filed under seal without authorization will be summarily stricken from the docket.

Runnals and attorney Winkler are advised that any violations of this order will result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 12, 2026

JAMES DONATO
United States District Judge